**In the United States District Court
For the Northern District of Illinois
Chicago Division**

| | | |
|---|---|---|
| JOHN GNUTEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| ILLINOIS GAMING BOARD, MARK | ) | |
| OSTROWSKI, KAREN WEATHERS, ISAIAH D. | ) | |
| VEGA, VINCENT PATTARA, and CLINTON C. | ) | |
| COBB, | ) | |
| | ) | **Jury trial demanded** |
| Defendants. | ) | |

# Complaint

Now Comes the Plaintiff, JOHN GNUTEK ("Gnutek"), by and through his undersigned counsel, John A. Baker, and in support of his complaint against the ILLINOIS GAMING BOARD (the "IGB"), MARK OSTROWSKI ("Ostrowski"), KAREN WEATHERS ("Weathers"), ISAIAH D. VEGA ("Vega"), VINCENT PATTARA ("Pattara"), and CLINTON C. COBB ("Cobb") (from time to time these individuals are referred to as the "Individual Defendants"), states as follows:

## I. Jurisdiction and Venue

1. Gnutek alleges that the Individual Defendants violated his rights under 42 U.S.C. § 1983, by retaliating against him for engaging in speech protected by the First Amendment. This is a federal statute vesting jurisdiction in this Court under 28 U.S.C. § 1331.

2. Gnutek maintains that the IGB retaliated against him in violations of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). This creates a federal question which vests this Court with jurisdiction under 28 U.S.C. § 1331.

3. Gnutek also alleges that the IGB and the individual defendants violated his rights under the anti-retaliation provisions of the State Officials and Employees Ethics Act, *see* 5 ILCS 430/15 (hereafter the "Ethics Act"), an Illinois law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear this count of this lawsuit.

4. The allegations in this lawsuit relate to Gnutek's termination from the IGB. During the course of his employment, Gnutek was employed in Joliet, Illinois. The decisions to terminate Gnutek's employment were made in Chicago, Illinois. The individual defendants all, at the times relevant to the allegations in the complaint, worked out of Chicago, Illinois. Furthermore, the IGB maintains offices in Chicago, Illinois. As a result, venue is appropriate in this Court.

## II. Parties

5. Gnutek is an adult resident of Will County, Illinois. He was formerly employed by the IGB as a Gaming Senior Special Agent.

6. The IGB is a an agency of the State of Illinois that was created pursuant to the Riverboat Gambling Act, 230 ILCS 10, for the purpose of enforcing certain gaming laws in Illinois. According to its website:

```
The Board assures the integrity of riverboat gambling
and video gaming through regulatory oversight of
casino and video gaming operations; the licensing of
suppliers to casinos and employees of casinos; and the
licensing of video gaming manufacturers, distributors,
suppliers, terminal operators, locations and
individuals who service the VGTs.
```

7. Ostrowski is the Administrator of the IGB and was at the time of the events relevant to these proceedings. At all times relevant to this lawsuit he was acting under color of

law. He is named in his individual capacity and, for the limited purpose of implementing equitable relief, is named in his official capacity.

8. Weathers, at the times relevant to these proceedings, was employed by the IGB as an EEO Officer. At all times relevant to this lawsuit she was acting under color of law. She is named in her individual capacity.

9. Vega, at all times relevant to this lawsuit, was employed by the IGB as its Deputy Administrator of Enforcement and reported directly to Ostrowski. At all times relevant to this lawsuit he was acting under color of law. He is named in his individual capacity.

10. Pattara, at all times relevant to this lawsuit, was employed by the IGB as its Operations Officer and reported directly to Vega. At all times relevant to this lawsuit he was acting under color of law. He is named in his individual capacity.

11. Cobb, at all times relevant to this lawsuit, was employed by the IGB as the Acting Casino Enforcement Supervisor, Hollywood Casino, Joliet. In this capacity he reported to Pattara and was Gnutek's immediate supervisor. At all times relevant to this lawsuit he was acting under color of law. He is named in his individual capacity and, for the limited purpose of implementing equitable relief, is named in his official capacity.

### III. Factual Allegations Relevant to All Counts

12. Gnutek was formerly employed by the IGB. He commenced his employment with the IGB on January 3, 1999, in the position of Revenue Special Agent Trainee.[1] Throughout the course of his employment with the IGB he also held the following different

---

[1] Gntuek was initially employed by the Illinois Department of Revenue. At some point in time Gnutek, like a number of other employees of the Department of Revenue, were reclassified as employees of the IGB.

Page 3 of 10

positions: Revenue Special Agent, Revenue Senior Special Agent, and Gaming Senior Special Agent.

**Gnutek's history of litigation involving the State of Illinois**

13. On June 30, 2006, Gnutek filed lawsuit in the United States District Court (Northern District of Illinois Case No. 06-cv-3561)[2] alleging that the Illinois Department of Revenue had violated Title VII of the Civil Rights Act of 1964 (hereafter this case is referred to as "*Gnutek I*"). Prior to filing this complaint, Gnutek had brought a charge of discrimination with the EEOC alleging that the Illinois Department of Revenue had violated the Equal Pay Act.

14. *Gnutek I* and the EEOC charged that preceded it constituted activity that was protected under the Civil Rights Act of 1964 and protected Gnutek from retaliation. 42 U.S.C. § 2000e-3(a).

15. On November 3, 2006, Gnutek filed a motion in *Gnutek I* seeking leave to file an amended complaint. Gnutek's proposed amendment was quite detailed and alleged racketeering activity on the part of William Cellini and Alonzo Monk.

16. The District Court in *Gnutek I* denied Gnutek's request for leave to amend his complaint.

17. On December 29, 2006, Gnutek filed a second federal lawsuit, this time in the Central District of Illinois (Case No. 07-cv-2109)(hereafter this case is referred to as "*Gnutek II*").

18. Gnutek filed an amended complaint in *Gnutek II* on March 17, 2008.

---

[2] In this lawsuit Gnutek identifies several previous lawsuits he has previously brought in federal court and one matter that was before the United States Court of Appeals for the Seventh Judicial Circuit. Rather than attaching copies of all of the documents related to those proceedings that he references herein, those documents, which are all a matter of public record and available on PACER are incorporated by reference.

19. The allegations in *Gnutek II* largely tracked the RICO allegations in the attempted amendment of *Gnutek I*.

20. The proposed amendment to *Gnutek I* and *Gnutek II* constituted Gnutek's speaking on a matter of public concern.

21. Gnutek's actions in filing the proposed amendment in *Gnutek I* and filing *Gnutek II* were made in his capacity as a citizen and were not made pursuant to his job duties.

22. The proposed amendment in *Gnutek I* and the filing of *Gnutek II* reference a pattern of public corruption within the government of the State of Illinois and within the IGB. Ultimately, the individuals identified by Gnutek as defendants (and others) in his proposed amendment in *Gnutek I* and in *Gnutek II* were convicted of federal crimes.

23. The proposed amendment in *Gnutek I* and the filing of *Gnutek II* were made public and were covered by multiple media outlets, including the *Chicago Tribune*.

24. On September 19, 2008, Gnutek (along with a co-plaintiff, Thomas Hobgood) filed a lawsuit in the United States District Court for the Northern District of Illinois (Case No. 08-cv-05516) (hereafter this case is referred to as *Gnutek/Hobgood*).

25. In *Gnutek/Hobgood*, Gnutek alleged that his rights under the First Amendment were violated as it related to the attempted amendment to *Gnutek I* and the RICO complaint in Gnutek II.

26. Gnutek resolved his portion of *Gnutek/Hobgood* on appeal to the Seventh Circuit. Hobgood's appeal to that Court continued. *See Hobgood v. Illinois Gaming Board*, 731 F.3d 635 (7th Cir. 2013). In ruling on Hobgood's appeal, the Seventh Circuit explained that "[w]hen viewed as a comprehensive whole, Hobgood's evidence easily supports a reasonable inference that he was the victim of a retaliatory witch hunt." *Id.* at 644.

**Gnutek's discipline relevant to this complaint**

27. On February 3, 2015, the IGB suspended Gnutek from his employment without pay.

28. On February 27, 2015, the IGB terminated Gnutek's employment.

29. There was no legitimate reason for Gnutek to be suspended or for his employment to be terminated.

## Count I
*Title VII retaliation as to the IGB*

30. Paragraphs 1-29 are incorporated herein.

31. Gnutek's actions described in paragraphs 13 and 14 are protected under the anti-retaliation provisions of Title VII.

32. By suspending Gnutek without pay and subsequently terminating his employment the IGB has retaliated against Gnutek in violation of his rights under Title VII.

33. Had Gnutek not had a history of opposing unlawful actions under Title VII his employment would not have been suspended nor would it have been terminated.

34. On or about August 24, 2015, Gnutek filed a charge of discrimination with the United States Equal Employment Opportunity Commission (charge 21B-2015-02220) alleging that the termination of his employment violated his rights under the anti-retaliation provisions of Title VII.

35. On December 9, 2016, Gnutek received a notice from the EEOC that it was terminating the processing of his charge and that he could bring a lawsuit in federal court within 90 days.

36. This complaint is being brought within 90 days of Gnutek's receipt of his right-to-

sue notice.

37. As a result of the actions outlined in this complaint, Gnutek has sustained both economic damages and non-economic damages. These have been in the form of lost wages, lost benefits, and emotional distress.

Wherefore, Gnutek respectfully requests that this Court enter judgment in his favor and against the IGB and provide the following relief:

(A) Enter an order finding that Gnutek's rights were violated under 42 U.S.C. § 2000e-3.

(B) Issue equitable relief that reinstates Gnutek to the position of employment with the IGB that he would have held absent the retaliatory actions taken against him.

(C) Issue an order awarding Gnutek his damages to compensate him for both economic and non-economic damages he has sustained.

(D) Issue an order awarding him punitive damages to the extent permitted by law.

(E) Issue an order directing the IGB to pay Gnutek's reasonable attorney fees associated with bringing this lawsuit.

(F) Other relief that this Court deems appropriate under the circumstances.

**Gnutek requests that this claim be tried by a jury**

## Count II
*First Amendment retaliation as to the Individual Defendants*

38. Paragraphs 1-29 are incorporated herein.

39. The proposed amendment in *Gnutek I* and the filing of *Gnutek II* constitute actions that are protected by the First Amendment to the United States Constitution.

40. At the time the events in this lawsuit transpired, the Individual Defendants were all aware of the actions Gnutek had taken to pursue the proposed amendment in *Gnutek I* and

the filing of *Gnutek II.*

41. Each of the Individual Defendants, with the exception of Weathers, were in Gnutek's supervisory chain of command at the time he was suspended and at the time that his employment was terminated.

42. Each of the Individual Defendants was involved in the decisions to suspend Gnutek from his position of employment and to subsequently terminate his employment.

43. The Individual Defendants have engaged in a retaliatory witch hunt against Gnutek because he has spoken out on matters of public concern. The concluding point of this retaliatory witch hunt was his suspension and termination.

44. Had Gnutek not engaged in activity protected by the First Amendment his employment would not have been suspended nor would it have been terminated.

45. In retaliating against Gnutek for speaking out on matters of public concern, the Individual Defendants have violated his rights under the First Amendment to the United States Constitution.

46. As a result of the violations of his rights under the First Amendment, Gnutek has sustained damages. These damages have been both monetary and non-monetary.

Wherefore, Gnutek respectfully requests that this Court enter judgment in his favor and against the Individual Defendants and provide the following relief:

(A) Enter an order finding that Gnutek's rights under the First Amendment were violated.

(B) Issue an order to Ostrowski directing that Gnutek be reinstated to the position of employment with the IGB that he would have held absent the retaliatory actions taken against him.

(C) Issue an order awarding Gnutek his damages to compensate him for both economic and non-economic damages he has sustained.

(D) Issue an order awarding him punitive damages to the extent permitted by law.

(E) Issue an order directing the Individual Defendants to pay Gnutek's reasonable attorney fees associated with bringing this lawsuit.

(F) Other relief that this Court deems appropriate under the circumstances.

**Gnutek requests that this claim be tried by a jury**

## Count III
*Illinois Ethics Act as to IGB and Individual Defendants*

47. Paragraphs 1-29 are incorporated herein.

48. The Ethics Act provides that it is unlawful to take "retaliatory action against a State employee because the State employee . . . [d]iscloses or threatens to disclose to a supervisor or to a public body an activity, policy or practice of any officer, member, State agency, or other State employee that the State employee reasonably believes is in violation of a law, rule, or regulation." 5 ILCS 430/15-10.

49. The proposed amendment in *Gnutek I* and the filing of *Gnutek II* constitute actions that are protected under the Ethics Act.

50. Had Gnutek not engaged in these activities protected under the Ethics Act he would not have been suspended and his employment would not have been terminated.

51. The IGB and the Individual Defendants all knew that he had engaged in activities protected by the Ethics Act.

52. In retaliating against Gnutek for speaking out on matters protected by the Ethics Act, the IGB and the Individual Defendants have violated his rights under that law.

46. As a result of the violations of his rights under the Ethics Act, Gnutek has sustained damages. These damages have been both monetary and non-monetary.

Wherefore, Gnutek respectfully requests that this Court enter judgment in his favor and against the IGB and the Individual Defendants and provide the following relief:

(A) Enter an order finding that Gnutek's rights under the Ethics Act were violated.

(B) Issue an order to the IGB directing that Gnutek be reinstated to the position of employment with the IGB that he would have held absent the retaliatory actions taken against him.

(C) Issue an order awarding Gnutek his damages to compensate him for the economic and damages he has sustained.

(D) Issue an order awarding him punitive damages to the extent permitted by law.

(E) Issue an order directing the IGB and the Individual Defendants to pay Gnutek's reasonable attorney fees associated with bringing this lawsuit.

(F) Issue an order directing that the IGB and the Individual Defendants pay Gnutek liquidated (double) damages.

(G) Other relief that this Court deems appropriate under the circumstances.

**Gnutek requests a jury trial on all counts**

John Gnutek

By: /s/ John A. Baker
His Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
Email: jab@bbklegal.com